CASE 95—ACTION BY WILLIAM GOODWIN AGAINST DAVIESS COUNTY
AND OTHERS, TO ENJOIN THE PAYMENT OF A SALARY TO THE
COUNTY JUDGE AS ROAD SUPERVISOR.—DEC. 1.

116  891
117  251
e118 936

| 116  891
e121  481

116     891
e129     54

116   891
f135   286

116  891
138    70
138   681

# Daviess County, &c., v. Goodwin.

APPEAL FROM DAVIESS CIRCUIT COURT.

JUDGMENT FOR PLAINTIFF AND DEFENDANT, HASKINS, APPEALS. AF-
FIRMED.

ROAD SUPERVISOR—COUNTY JUDGE—ELIGIBILITY TO OFFICE—TAXPAY-
ER—RIGHT TO MAINTAIN SUIT—FISCAL COURT—AUTHORITY.

Held: 1. Kentucky Statutes, 1899, sections 4306, 4339, relative to roads,
vest the control of roads in the fiscal court. The general scheme
there provided is for the appointment of a supervisor, whose
duty it is to report to the county judge under whose imme-
diate control he is placed, and in whose court he must execute
bond, and from whose court warrants may issue for violations
of duties by the supervisor. In many instances the concurrent
action of the county judge and supervisor is required, and in
case of a vacancy in the supervisor's office the county judge
may appoint some one to fill it until the next term of the
fiscal court. HELD, that it was contemplated by the statute
that the county judge and supervisor should be different per-
sons, although, under section 4315, it is provided that the fis-
cal court, instead of appointing the supervisor, may authorize
the county judge to let out the working of roads, the other
duties of the office being discharged by road overseers, in which
case, however, the county judge acts as judge, and not as
supervisor, and is entitled to no additional compensation for
his services.
2. The fiscal court is a body of limited authority, and its action in
appointing a county judge as supervisor of roads is void, and
vests in the judge no right to the office.
3. A citizen and taxpayer of a county suing for himself and all
other taxpayers may, as such, maintain an action to prevent the
payment to the county judge of a salary as supervisor of roads,
to which office he was illegally appointed by the fiscal court.

Daviess County, &c. v. Goodwin.

C. S. WALKER, ATTORNEY FOR APPELLANTS.

## SYNOPSIS.

1. There is no incompatibility between the offices of county judge and road supervisor, and where there is no supervisor, the county judge may be authorized by the fiscal court to discharge certain specified duties of the road supervisor, in which case he and the road overseers perform all the functions of the office, or he may be appointed by the fiscal court to the position of road supervisor, which is, strictly speaking, not an office, but an employment, and whether so authorized to act or so appointed, he is entitled to receive the compensation provided for the service by the statute. Kentucky Statutes secs. 4306, 4307, 4308, 4313, 4315, 4323, 4344, 4346, 4314, 4317, 4312, 4318, 4309, 4311; People v. Green, 58 N. Y., 304, 305; Throop on Public Officers, sec. 34; 23 Am. & Eng. Ency. Law, (2d ed.), 333.

2. Section 1072, Kentucky Statutes, was intended to be a reproduction of section 11, ch. 28, art. 17, of the General Statutes, the former being a mere collection of laws, while the latter has been·adopted by an act of the Legislature as the law of the State. O'Mahoney v. Bullock, 97 Ky., 781; Acts, 1887, 1888, vol. 1, p. 84.

The county judge does not receive a salary, but "an allowance commensurate to the character and quality of the services performed," and where he is authorized to perform the functions of road supervisor, he is entitled to the compensation provided for such extra services whether they be regarded as having been performed ex officio, or under a distinct and independent authorization or employment. Kentucky Statutes, secs. 1072, 4346; Gen. Stats., sec. 11, ch. 28, art. 17; Ohio County Court v. Newton, 79 Ky., 268, 269; In re Conrad, 15 Fed. Rep., 642, 643; 23 Am. & Eng. Ency. Law, (2d ed.), 392; Converse v. U. S., 21 How., (U. S.), 469; City of Covington v. Mayberry, 9 Bush, 304; Badeau v. U. S., 130 U. S., 451; U. S. v. Brindle, 110 U. S., 694; U. S. v. Saunders, 120 U. S., 129, 130; U. S. v. Fillebrown, 7 Pet., (U. S.), 28; U. S. v. Harsha, 56 Fed. Rep., 953; Board of Education v. Moore, 24 Ky. Law Rep., 1480.

The constitutional provisions, secs. 161, 235, and opinions in Jefferson County v. Waters, 24 Ky. Law Rep., 816; Board, &c. v. Moore, Id., 1478; Commonwealth v. Carter, 21 Id., 1509; Morgantown Deposit Bank v. Johnson, 22 Id., 210, have no bearing.

3. If the offices or positions are incompatible, the acceptance by Haskins of that of road supervisor operated a vacation of

Daviess County, &c. v. Goodwin.

his office of county judge, and he is entitled to the compensation allowed him as road supervisor. Kentucky Statutes, sec. 3744; Goodloe v. Fox, 96 Ky., 630; Stubbs v. Lee (64 Me., 195), 18 Am. Rep., 253.

4. The right of a public officer to the compensation of his office, is incident to and dependent upon his title to the office, and if consitutionally ineligible, he can not recover for services. 23 Am. & Eng. Ency. Law, (2d ed.), 396, 397.

In the present case, according to the decision of the court below, there was no *de jure* supervisor of roads, and Haskins was a mere *de facto* supervisor, in which case he is entitled to compensation as incident to the rendition of services. 8 Am. & Eng. Ency. Law, (2d ed.), 813; Behan v. Prison Comrs., 31 Pac. Rep., 521; Miller v. Seney, 81 Ga., 489; Gorman v. Boise County, 1 Idaho, 655; State v. Draper, 48 Mo., 213; State v. Clark, 52 Mo., 508; State v. John, 81 Mo., 13; Dickerson v. Butler, 27 Mo. App., 9; Erwin v. Jersey City, 60 N. J. L., 141; Henderson v. Glynn, 2 Colo. App., 303; Duncan v. Lucas, 83 Ky., 468.

5. An injunction restraining the person in possession from exercising the functions, or receiving the compensation of an office will not lie, and the only proceeding to try the title to an office in this State is the statutory one, and the title can not be inquired into in any other proceeding. Throop on Public Officers, sec. 850; 8 Am. & Eng. Ency. Law, (2d. ed.), 826; Civil Code, secs. 480, 483, 487; Hagner v. Heyberger, (7 Watts & Sergeant, 104), 42 Am. Dec., 221, 222, 223, 224.

6. An action to try the title to office can only be brought by the person entitled thereto or the Commonwealth. Civil Code, secs. 480, 483, 487; Tillman v. Otter, 93 Ky., 604, 605; Toney v. Harris, 85 Ky., 463, 464; 30 Am. Dec., 49.

If the present action were authorized, it could not be maintained by appellee as a mere taxpayer. Civil Code, sec. 25; 15 Ency. Plead. & Prac., 642, *et seq.;* Oswald v. Morris, 92 Ky., 51; Throop on Public Officers, sec. 851.

7. The levy authorized by Kentucky Statutes, sec. 4307, is all that the fiscal court is required to do to work the roads by taxation.

8. The judgment in the present case is a determination collaterally of the title to an office, and an interference with the proceedings of a subordinate tribunal which possessed judicial discretion in the matter involved, and is unauthorized. 7 Am. & Eng. Ency. Law, (2d. ed.), 999, 1000, 996-998, and notes, 937; Shinkle v. City of Covington, 83 Ky., 429; 23 Am. & Eng. Ency. Law, (2d ed.), 372.

9. Money paid a county officer, not authorized by the statutes or Constitution, may be recovered back, and the right of action is primarily in the county. 7 Am. & Eng. Ency. Law, (2d. ed.), 960, 961, and notes; Howard v. Deposit Bank, 80 Ky., 496.

### ADDITIONAL SYNOPSIS.

Section 25 of the Civil Code, is the same as the modern common law, (Hendrix v. Money, 1 Bush, 308; 15 Ency. Pl. & Pr., 627, *et seq.*, and note on 629), and under it, a mere citizen and taxpayer can not challenge the acts of the authority of the fiscal court of a county, unless he can show a direct pecuniary interest arising from his taxes being increased. State, *ex rel.* Saunders v. Kohnke (109 La.), 33 Southern Reporter, 793, 797-8.

LA VEGA CLEMENTS, ATTORNEY FOR DAVIESS COUNTY, AND C. W. BRANSFORD, TREASURER.

### THE QUESTION.

The only question to be determined by this appeal is, whether or not the county judge, whose salary has been fixed by the fiscal court, can be appointed road supervisor and draw an additional salary as such supervisor in addition to his salary as county judge. In the determination of this question neither Daviess county nor C. W. Bransford, treasurer of said county, has any pecuniary interests, but are only interested in the legal determination of the question so that the funds of the county shall be paid out according to law. I am not attempting to argue either side of the contention, but will make a few suggestions on the points which arise and are to be determined in this action.

Section 161 of the Constitution of Kentucky, provides that the salary of no county official shall be increased or diminished during his term of office. It might be said that the salary of the county judge having been fixed, that any additional salary as road supervisor would be an increase of his salary, and prohibited by said section. The fact that the salary of the county judge was fixed after his induction into office, rather than before his election and qualification may not vary the rule, as this court has decided that where the salary of a county judge had not been fixed before he took his oath of office, but afterward had the same effect as though it had been fixed prior to his election and qualification.

I call your Honors' attention to the case of Jefferson County v. Waters, 24 Ky. Law Rep., p. 816, and also, Board of Education of the City of Lexington v. Moore, 24 Ky. Law Rep., p. 1478, in which questions similar to the one at bar are discussed. I trust that the court will decide this appeal irrespective of technicalities, so that the officials of Daviess county and other counties may be rightfully guided in matters of similar nature that may arise in the future.

W. SCOTT MORRISON, ATTORNEY FOR APPELLEE.

## SYNOPSIS.

1. The appellee who sues for himself and all other taxpayers of Daviess county, shows by his petition and amended petition that he is the owner of property in said county subject to taxation, and the county failing to institute this action and being made a party defendant, the appelleee shows himself entitled to institute and maintain this action. High on Injunctions, vol. 2, (2d ed.), secs. 1298-99, 1300, Harvey v. Indianapolis R. R. Co., (32 Indiana, 244), Sinclair v. Board of County Commissioners, American State Reports, vol. 23, 694; Alkison and Others v. Louisville, Harrods Creek and Westport R. R. Co., 9 Bush, p. 250; Crampton v. Zabriskie, U. S. Report, 101, p. 1070; Dillon's Municipal Corporations (3d ed.), vol. 2, secs. 914-922, subsecs. 1, 2, 3; Cooley on Taxation, p. 169 (2d. ed.)

2. There is no question of incompatibility of office presented in this record, nor any attempt to enjoin maintaining the public roads of the county by taxation.

3. Chapter 110, title, "Roads and Passways," section 4287 to 4347, Kentucky Statutes, both inclusive, contain all the provisions of the statute with reference to establishing, maintaining and keeping in repair the roads and bridges of the county, as well as the particular manner of the exercise of the jurisdiction of the fiscal court over the same. Chapter 110, Kentucky Statutes, sec. 4287 to 4347, both inclusive.

4. The statute does not confer authority upon the fiscal court in its discretion to appoint the county judge road supervisor, but, on the contrary, the authority is limited to authorizing the county judge to let out the working of the roads and building and repairing of bridges, and to take and approve the bonds of the contractors. Sec. 4315, Kentucky Statutes.

5. The order of the fiscal court of date, January 27, 1902, (Record 9), fixing the salary of appellant, Haskins, as county judge at 1,000 per annum, was the fixing of his salary for his

entire term of office, and this $1,000 per annum is the full
compensation for all the services he can perform as county
judge. Sec. 161 of the Constitution; Jefferson County v. Wa-
ters, Ky. Law Rep., vol. 24, p. 816; Board of Education of the
City of Lexington, etc. v. Moore, Ky. Law Rep., vol. 24, p.
1478; Commonwealth v. Carter, 21 Ky. Law Rep., 1509; Mor-
gantown Bank v. Johnson, 22 Ky. Law Rep., 210; Marion
County Fiscal Court v. Kelly, 22 Ky. Law Rep., 174, Kentucky
Statutes, sec. 1749, subsecs. 1, 5; Throop on Public Officers,
sec. 478, and authorities cited; Wortham v. Grayson County
Court, 13 Bush, p. 53; Covington v. Maybury, 9 Bush, 304.

6. The duties of the county judge are prescribed by law,
and it is not within the power of the fiscal court to appoint him
to perform other duties, thereby taking him away from the
discharge of the duties imposed upon him by law.

7 The appellant, Haskins, in accepting the office of county
judge, assumed all the duties imposed upon that office by law;
a part of the duties which he thus assumed was the duty,
when directed by the fiscal court, to let out the working of the
roads and the building and repairing bridges, and to take and
approve the bonds of the contractors, and that being one of the
duties of the county judge when imposed upon him, no compen-
sation can be allowed him therefor.

OPINION OF THE COURT BY JUDGE HOBSON—AFFIRMING.

Appellant, H. M. Haskins, was elected county judge of
Daviess county at the regular election in November, 1901,
and at the January term, 1902, of the fiscal court, his sal-
ary was fixed at $1,000 per year. At its April term, 1903,
the fiscal court made an order appointing him also county
supervisor of the public roads and bridges of Daviess coun-
ty, and fixed his salary as supervisor at the sum of $900 per
year. Appellee, William Goodwin, a citizen and taxpayer
of Daviess county, thereupon filed this suit to enjoin the
treasurer from paying Haskins the $900 per year as super-
visor, and, the circuit court having granted the relief pray-
ed, the county judge appeals.

The ground of the judgment of the circuit court is that
under the statute the county judge can not fill the office of

road supervisor, and that the fiscal court is without authority to appoint the county judge to the office. It is earnestly insisted that the circuit court erred. By section 4306, Kentucky Statutes, 1899, the public roads shall be maintained either by taxation or by hands allotted to work thereon (or both), in the discretion of the fiscal court. By section 4312, in counties where the roads are worked by taxation, it is the duty of the overseer to report promptly to the supervisor all obstructions to travel, and to report to the county judge all failures of the contractors to comply with their contracts, and all violations or neglect of duty of the supervisor with regard to the road. By section 4313 the supervisor is to be appointed by the fiscal court, and in case of a vacancy in the office it is the duty of the county judge to fill it till the next regular term of the fiscal court. By section 4314 the supervisor must execute bond at the next regular term of the county court after his appointment, with sureties to be approved by it. By section 4315 it is the duty of the supervisor to report in writing to the county judge all failures of contractors to comply with their contracts. With the consent of the county judge, he may designate certain roads not to be let out, but kept in repair by special contact made privately, or by hands and teams hired by him or by delinquent taxpayers, or by persons sentenced to labor; "provided, however, that the fiscal court of any county wherein roads are worked by taxation may, instead of appointing a supervisor, authorize the county judge to so let out the working of the roads and the building or repairing of bridges and to take and approve the bonds hereinbefore required. In such cases the other power herein conferred and the duties imposed upon the supervisor shall be exercised and discharged by the road overseers in their

respective precincts." By section 4317, for any violation of duty by the supervisor a warrant in the name of the Commonwealth may be issued by and returned before the county judge, and it is the duty of the judge to issue the warrant upon his own knowledge or upon information of another upon oath. By section 4318 the supervisor may, on the order of the county judge entered of record, hire wagons, scrapers, and teams, and procure forage for them, and either hire or purchase such tools and implements as may be necessary. By section 4335 penalties are provided for injury to the roads, tools, or implements, and it is the duty of the supervisor to report promptly to the county judge or some justice of the peace all violations of the act. By section 4338 no money shall be paid out, "except upon the order of the supervisor (specifying what for) with the indorsement thereon of the county judge of his approval or when no supervisor, upon order of the overseer or commissioner having charge so endorsed." By section 4339 the supervisor, upon the order of the county judge entered on the order book of his court, may let out by written contract the grading or cutting down of hills upon the public road, and give an order for the money, which order is to be indorsed "Approved" by the judge. These provisions do not contemplate that the supervisor and the county judge may be the same person. On the contrary, they contemplate that the county judge is to hold the supervisor to a strict responsibility, and that, to protect the interests of the county, there must be the concurrent judgment of both the county judge and the supervisor in important matters. It is true that under section 4315 the fiscal court, instead of appointing a supervisor, may authorize the county judge to let out the working of the roads; but in that event he acts as county judge, and not as supervisor, and is entitled to

.no additional compensation for his services, the other duties imposed upon the supervisor being in that event discharged by the road overseers in their respective precincts. If the county judge may act as supervisor, the purpose of the statute in providing for both a supervisor and a county judge to protect the interests of the county, would be entirely defeated. The fiscal court is a body of limited authority. It is without power under the statute to appoint the county judge as supervisor. Its action was therefore nugatory. The authorities relied on for appellant as to the acceptance of an incompatible office have no application, as the order of the fiscal court appointing the county judge as supervisor was void, and vested in him no right to the office.

The appellee, Goodwin, is a citizen and taxpayer of the county suing for himself and all other taxpayers, and may as such maintain the action to prevent a misappropriation of the county's funds, for, if the money of the county is wrongfully expended, taxes must be, levied to supply its place in the treasury, and thus an additional burden will be cast on the taxpayer.

Judgment affirmed.

Petition for rehearing for appellant overruled.