CASE 27—ACTION BY JAMES SEARS AGAINST PULASKI COUNTY FOR SERVICES SUPERINTENDING ROAD WORKING IN HIS MAGISTERIAL DISTRICT.—JAN. 12.

# Pulaski County v. Sears.

APPEAL FROM PULASKI CIRCUIT COURT.

JUDGMENT FOR PLAINTIFF AND DEFENDANT APPEALS.    REVERSED.

PUBLIC ROADS—SUPERVISORS—FAILURE TO APPOINT—FISCAL COURT—APPOINTMENT TO ASSIST COUNTY JUDGE—VALIDITY—COMPENSATION FOR SERVICES—LIABILITY OF COUNTY.

Held:    1. Under Kentucky Statutes, 1903, sections 4313-4344, authorizing the fiscal court to appoint a supervisor of roads for the county, where the fiscal court did not appoint such supervisor, but entered an order investing the county judge with the general supervision of the roads, its action in attempting to invest the justices of the magisterial districts with power as assistants, and in alowing such justice who, under such order, superintended and controlled the keeping of the roads within their respective ristricts, pay for their services, was invalid, and the county was not liable therefor.

E. T. WESLEY, FOR APPELLANT.

Our contention is:

1. That the road supervisor and assistant road supervisor are officers.

2. That the offices of county judge and road supervisor are incompatible.

3. That the offices of justice of the peace and road supervisor or assistant road supervisor are incompatible.

4. That the action of the fiscal court in attempting to create an office and elect themselves to fill it, and then appropriate the funds of the county to pay themselves for filling this self appointed office, is without authority and void. Kentucky Statutes, secs. 4313, 4344, 3 Bush, 255.

DENTON & ROBINSON AND G. W. SHADOAN, ATTORNEYS FOR APPELLEE.

1. Under the allegations of the petition appellee does not claim to be nor was he an officer.

2. Section 4313, Kentucky Statutes, providing that the fiscal court may appoint a supervisor where the roads are worked by taxation, is not mandatory.

3. Under section 4306, Kentucky Statutes, providing that the fiscal court shall have general charge and supervision of the public roads, and may prescribe necessary rules and regulations for repairing them, and for the proper management of all roads and bridges, we contend that the plan adopted by the fiscal court was the best and most economical one that could have been made, because otherwise, no one (the county having no supervisor) would have had the authority to have carried out its orders in reference to working the delinquent taxpayers upon the public roads, and such plan was therefore, not only wise but legal.

OPINION OF THE COURT BY JUDGE O'REAR—REVERSING.

In Pulaski county the fiscal court had adopted the system of working the county roads by levying and collecting a tax known as the "road and bridge fund." The work was done and material furnished on the road at the expense of the county, and paid out of this fund at schedule prices fixed by the fiscal court. The fiscal court did not appoint a supervisor, but entered an order of record investing the county judge with the general supervision of the roads of the county, and attempted to invest the justices of the magisterial districts with the power as assistants. The various justices, acting under this order throughout their term of office, superintended and controlled the keeping of the roads within their respective districts, and were subsequently, by an order of the fiscal court. allowed a sum in payment for their services. The county refused to settle on this basis, and this suit was brought by appellee, one of the magistrates named, to collect for his said services.

The statutes permit the appointment of the supervisor or supervisors. Sections 4313-4344, Ky. St., 1903. But the county did not do this. They attempted to create a different

office, or perhaps the same office with a different name, and then attempted to fill it by electing themselves, and then attempted to vote themselves pay for their services. This they could not do, as was held by this court in the recent case of Daviess County v. Goodwin (decided December, 1903), 116 Ky., 891; 25 R., 1081; 77 S. W., 185.

Judgment reversed, and cause remanded, with directions to dismiss the petition.