CASE 124—APPEAL BY BOYD COUNTY, FROM ORDERS OF APPROPRIATIONS BY THE FISCAL COURT OF THE COUNTY TO JACK ARTHUR AND OTHERS.—NOVEMBER 4.

# Boyd County v. Arthur and Others.

APPEAL FROM BOYD CIRCUIT COURT—S. G. KINNER, CIRCUIT JUDGE.

ACTION DISMISSED BY CIRCUIT COURT AND PLAINTIFF APPEALS. REVERSED.

COUNTIES—POWERS OF FISCAL COURT—APPEALS—DUTY OF COUNTY ATTORNEY.

1. An order of a county fiscal court appropriated money to be spent according to the directions of each magistrate. A second order allowed each magistrate compensation for each day's work done by him in supervising the work in his district in constructing county roads. The two orders were made on the same day, and were a part of the same plan. HELD, that there was no misjoinder of causes of actions in taking one appeal from the two orders.

2. The orders were final orders appropriating money and directing how it should be paid out, entitling the county to an appeal to have them vacated and to an injunction enjoining any payment under them if the fiscal court exceeded its powers in adopting them.

3. Under Ky. St. 1903, sec. 4313, authorizing the fiscal court to appoint a supervisor of roads for the county; section 4315, directing the fiscal court to oversee the supervisor; section 4335, requiring him to report to the county judge or some magistrate; and section 1844, prohibiting a member of the fiscal court from being interested in any contract with the county or district thereof—the fiscal court can not adopt an order providing that magistrates shall be supervisors of roads in their respective districts.

4. The fiscal court has no authority to allow its members any other compensation than that fixed by Ky. St. 1903, sec. 1845, fixing the compensation of the members of the fiscal court.

5. Ky. St. 1903, sec. 127, expressly requires the county attorney to prosecute appeals from orders of the fiscal court when directed to do so by the county court.

Boyd County v. Arthur, et al.

J. F. STEWART, JOHN W. WOODS AND R. L. GREENE, FOR AP-
PELLANT.

### POINTS AND AUTHORITIES FOR APPELLANTS.

1. Misjoinder of causes of action.

(a) "If causes of action can be joined they must be." Powell
v. Weiler & Co., 11 B. Monroe, p. 186; Newman's Pleading &
Practice, p. 486.

(b) "Where a plaintiff refuses to elect which of several causes
of action he will prosecute the court should not dismiss, but
should strike out the cause improperly joined." Civil Code, sec.
85; Bonny, &c. v. Reardin, 6 Bush, p. 634; Sale et al v. Crutch-
field, &c., 8 Bush, p. 646; Shepard v. Stevens, &c., 8 Bush, p.
603.

2. Orders of the fiscal court are not orders of the court merely
but the "fiscal court is a legislative board invested with power
of making appropriation in the case where the needs of the
county require it." Highbaugh, &c. v. Hardin, 99 Ky., p. 20.

3. The petition and amended petition set out grounds sufficient,
if true to sustain an injunction against the appellees.   South
Covington, &c. v. Berry, Mayor, 93 Ky., 43; Brown & Co. v.
Trustees, Catlettsburg, 11 Bush, 435.

WILLIAM POAGE, FOR APPELLANT.

1. This court has wisely held that; "The statute was enacted
to protect the public, by removing from its agent and representative
every possible interest in the character of the public work under
his supervision that could conflict with his public duty."

2. "The Legislature recognized the old truth that where the
interest of the servant and the served came into conflict, the
servant can not properly distcriminate between his interest and his
duty; hence the temptation is sought to be removed."

3. "The protection is to the public against those who assume,
under right of office, to serve it."

4. Any other construction of the law would open wide the door
for fraud, and sooner or later prove ruinous to every county in
this grand old Commonwealth.

### AUTHORITIES CITED.

Ky. Statutes, secs. 978, 1844, 1845, 4315, 4313, 4444, 4332;
Commonwealth v. Pate, 22 R., 1890; County of Jefferson v.
Waters, 23 R., 669; Daviess County v. Goodwin, 77 S. W., 185;
Pulaski Co. v. Sears, 25 R., 1381.

Boyd County v. Arthur, et al.

THOS. R. BROWN AND GEO. B. MARTIN, FOR APPELLEE.

1. There can be no question but what the orders appealed from were separate and distinct from each other, and are not prosecutions of two causes of action that might be joined, and there can be no justification in law or reason in allowing such double proceedings.

2. The record discloses no exceptions taken to the orders or resolutions complained of, except by the county judge, and no appeal except in the name of Boyd county, by this judge.

3. Where the county's interests are involved, the county attorney or some taxpayer are the only ones that can bring up an appeal.

4. The county court has no authority over appeals, except to direct the county attorney to prosecute it when properly taken.

### AUTHORITIES CITED.

Ky. Statutes, sec. 1838; Peebles v. Chism, 5 Mon., 158; Crittenden v. Shanks, 88 Ky., 475; Com. v. Kimberlin, 8 Bush, 444; Montgomery Co. v. Tipton, &c., 12 R., 847; Barr, &c., v. Stevens, 1 Bibb., 292; Ront v. Montgomery, 3 B. Mon., 300; County of Jefferson v. Waters, 23 R., 669; Com. v. Tiltin, 2 R., 1056.

OPINION OF THE COURT BY JUDGE HOBSON—REVERSING.

The fiscal court of Boyd county at a special term held on June 12, 1903, made the following orders:

"On motion of Mr. Kirk it is ordered that the following appropriations be made and spent according to the directions of each magistrate: District No. one, $200.00; district No. two, $500.00; district No. three, $300.00; district No. four, $400.00. Esquires Arthur, Kirk, Handley, and Buckley voting for the adoption of the above order, and Judge William Poage voting against same, and orders that an appeal be taken to the Boyd circuit court to test the legality of same."

"On motion of J. L. Kirk, J. P., and seconded by F. M. Buckley, J. P., it is ordered that each of the five justices of the peace of Boyd county, Kentucky, shall be allowed

Boyd County v. Arthur, et al.

three dollars a day for each day's work done by them in supervising and directing the work in their respective districts, in constructing and maintaining the county roads therein, not exceeding fifty days for the year 1903, and each year thereafter in lieu of this amount heretofore drawn by them.

"The foregoing order is excepted and objected to by William Poage, Judge of the Boyd county court, and *ex officio* member and presiding judge of the Boyd fiscal court. It is therefore ordered that an appeal be taken from said order, or that such other legal proceedings be instituted as may appear necessary to test the legality and validity of said order.

"John W. Woods, a regular practicing attorney at law of Boyd county, is hereby employed and appointed for and on behalf of Boyd county to take and prosecute said appeal, or such other necessary legal proceedings as may appear for the best interests of Boyd county in and to and through any court to which said cause may be carried. For which legal service so rendered he shall be paid by Boyd county a reasonable compensation."

An appeal was taken to the circuit court as provided in the orders, and in that court a petition and an amended petition were filed setting out the proceedings in the fiscal court, alleging that the money was about to be drawn out under the above orders; that these orders were void and beyond the power of the fiscal court, and an injunction was obtained restraining the county treasurer from paying out any money under the orders. After this had been done, the defendants to the appeal moved the court to require the appellant to elect whether it would prosecute its appeal from the first order or the second. The court sustained the motion, and, the appellant refusing to elect, the court thereupon

dismissed the appeal on account of appellant's refusing to elect, and also because the appeals were prematurely taken. He also discharged the injunction. From this judgment appellant has appealed to this court.

There was no misjoinder of causes of action. The first order appropriated a certain scm of money to be spent according to the directions of each magistrate, and the second order allowed each magistrate $3 a day for each day's work done by him in supervising and directing the work in his respective district in constructing and maintaining the county roads. The two orders so entered separately on the order book were made on the same day, and are part of the same plan. The money is to be spent by the magistrates under one order, and their compensation for spending the money and the way they are to spend it are determined by the other order. It would be impossible to carry out the second order without the first, and the first would be meaningless without the second; for without the second it can not be told in what way the money was to be spent which was appropriated by the first order. There was, therefore, no misjoinder in taking one appeal from the two orders. Nor can it be maintained that the orders are not final. They appropriate money, and direct how it shall be paid out. They are, in substance, contracts by the fiscal court with each of the magistrates by which they are employed to supervise and direct the work in their respective districts in constructing and maintaining the county roads at $3 a day for not exceeding fifty days for the year 1903, and each year thereafter. If this was not a contract which the fiscal court could properly make, then appellant had a right to enjoin any payment of money under the orders, and had also a right to prosecute an appeal from the orders to have them vacated. In Daviess County v. Goodwin, 116 Ky., 891, 77 S. W., 185, 25 Ky. Law Rep., 1081, it was held that the fiscal

court is without authority to appoint the county judge the county supervisor of roads, and that, being a court of limited jurisdiction, its action in doing so is void. In Pulaski County v. Sears, 117 Ky., 249, 78 S. W., 123, 25 Ky. Law Rep., 1381, the magistrates had entered an order as a fiscal court investing the county judge with the general supervision of the roads of the county, and making the magistrate in each magisterial district his assistant. This was held unwarranted and void. These cases control the one before us.

Section 4313, Ky. St., 1903, authorizes the fiscal court to appoint a supervisor of roads in and for the county. By section 4315, the fiscal court is to see over the supervisor, and by section 4335 he is to report to the county judge or some magistrate. The duties required of the supervisor are to be exercised under the supervision of the fiscal court. The statute does not contemplate that a member of the fiscal court should be supervisor, much less that the county should have as many supervisors as there are magistrates, each being supervisor in his own district. By section 1844, Ky. St., 1903, no member of the fiscal court shall be interested, directly or indirectly, or be concerned in any contract for work to be done or material to be furnished for the county, or any district thereof, nor purchase, nor be interested in any claim against the county or the State. The members of the fiscal court are the representatives of the county charged with the duty of protecting its interests. They are allowed to appoint a supervisor, and are required to see that the supervisor lives up to the law. The interests of the county might seriously suffer if the person who is by law required to protect its interests as between it and the supervisor was himself the supervisor.

There is no principle better settled than that a trus-

tee will not be allowed to occupy a dual position, and that, where he is charged with the protection of his *cestui que trust,* he can not place himself in a position where his personal interests may be antagonistic to the interests of the *cestui que trust.* If he does this, it is a breach of his trust. The statutes we have referred to have the same end in view when they forbid the members of the fiscal court being interested in any contract or work, and in providing that they may appoint one supervisor for the whole county and exercise supervision over him.

So much of the orders appealed from as appropriate $1,400 is unobjectionable, but in so far as they direct that this money is to be spent according to the directions of each magistrate they are void. In so far as the orders allow each magistrate $3 a day for each day's work done by him in supervising and directing the work in his district in constructing and maintaining the county roads therein the order is beyond the authority of the fiscal court. By section 1845, Ky. St., 1903, the members of the fiscal court are entitled to $3 a day for each day they are engaged in holding fiscal court, and in counties where a system of free turnpikes is maintained there is an extra allowance for attendance at the meetings of the committees of the court. The fiscal court has no authority to allow its members any other compensation that that fixed by law.

In Jefferson County v. Waters, 111 Ky., 286, 63 S. W., 613, 23 Ky. Law Rep., 669, it was held that an appeal from an order of the fiscal court by the county attorney would not be dismissed although the fiscal court had made an order directing that it should be dismissed. The county attorney in the case before us declining to prosecute the appeal, the county court made an order directing another attorney to act. As will be seen from the orders copied above, an appeal was or-

Boyd County v. Arthur, et al.

dered to be taken, and in the latter order John W. Woods is employed on behalf of the county to prosecute the appeal. But at the December term, 1903, the fiscal court set aside this part of the orders on the ground that the court had not in fact so ordered. Whether the latter orders were properly made or not we deem it unnecessary to determine. Section 127, Ky. St., 1903, defining the duty of the county attorney, provides: "He shall attend to the prosecution of all cases in his county in which the Commonwealth or the county is interested; and when so directed by the county or fiscal court institute or defend and conduct actions, motions and proceedings of every description before any of the courts of this Commonwealth in which the county is interested, and shall in no instance take a fee, or act as counsel in any case in opposition to the interests of the county." It was the duty of the county attorney to prosecute the appeal when directed to do so by the county court. When he declined to discharge his duty, the county judge himself, in the name of the county, prosecuted the appeal. The county judge is a member of the fiscal court, and is given authority to direct actions to be brought on behalf of the county. When the county attorney refused to obey his order, he was not required to sit by and see the interests of the county suffer, but might himself prosecute the appeal. Whether he could employ counsel for this purpose, or charge the county therewith, are questions which do not arise here.

Judgment reversed, and cause remanded for further proceedings consistent herewith.