CASE 36.—ACTION BY GEORGE L. GILLUM & SON AGAINST JOHN W. MILLIKIN AS TREASURER OF LOGAN COUNTY AND ANOTHER.—November 5, 1909.

## Millikin, Treasurer, &c. v. Gillum, &c.

Appeal from Logan Circuit Court.

W. P. SANDIDGE, Circuit Judge.

Judgment for plaintiffs, defendants appeal.—Affirmed.

1. Counties—Allowance of Claim—Order—Indefiniteness.—An order of the fiscal court that "the following claims were allowed and made payable out of the county levy for 1906; 'Roads.' Flowers, J. S. Commissioner at Duncan's on Muddy River $1,650.00," held void for indefiniteness it being impossible to determine from the language of the order whether he was appointed commissioner to construct a bridge, public road or some other public improvement not described.

2. Evidence—County Records—Extraneous Evidence—Admissibility.— The fiscal court, like other courts, must speak through its records, and extraneous evidence is not admissible to show the meaning of its orders.

3. Bridges—Fiscal Courts—Delegation of Discretion.—Although the fiscal court cannot delegate to an agent the discretion with which the law clothes it, it may after determining the necessity therefor appoint a commissioner, not a member of the court, to construct a bridge or contract for its construction, but it should in advance direct through its records the character of the bridge and its cost, and not allow the commissioner a round sum for the work, or leave to his judgment the character of the work and the cost, or allow him to obtain the money in advance for the doing of the work, either by a sale or assignment of the warrants therefor, or collecting it from the county treasurer.

4. Counties—Funds—Disposition.—The fiscal court has no power to order the county treasurer to pay into the hands of a third person the county's money, to be paid out by him months later in satisfaction of county indebtedness created

by him, nor does the fact that such method is customary sanction or legalize the method.

5. Counties—Fiscal Courts—Void Appointments.—An order of the fiscal court appointing one of its members a commissioner to do certain county work was void.

6. Counties—Fiscal Courts—Void Orders—County Warrants—Equity.—Plaintiffs discounted two warrants issued to a bridge commissioner upon a void order of the fiscal court of L. county. Both parties acted in good faith. The parties to the transaction only followed a custom which, though unsanctioned by law, had long obtained in the county. The bridge constructed with part of the money received from plaintiffs was of excellent material and workmanship, and its cost was less than expected by the fiscal court. The fiscal court accepted the bridge, which was used regularly by the people, and is worth the cost of construction. Held, that equity required that defendant county should pay plaintiffs the amount they furnished to construct the bridge.

7. Counties—Fiscal Courts—Void Orders—County Warrants—Equity.—Since the bridge commissioners sold plaintiffs void warrants he is liable to them for the difference between what they paid him for the warrants and the amount for which they were given judgment against the county.

R. W. DAVIS and S. R. CREWDSON for appellants.

BROWDER & BROWDER for appellees.

OPINION OF THE COURT BY JUDGE HOBSON—Affirming.

The fiscal court of Logan county during its regular October term, 1905, allowed numerous claims, including one of $1,650 involved in this action. That part of the order allowing this claim is as follows: "The following claims were allowed and made payable out of the county levy for 1906: 'Roads.' Flowers, J. S. Commissioner at  Duncan's on Muddy River $1,650.00." Soon after the allowance of the claim, Flowers, who was a magistrate of Logan county and therefore a member of the fiscal court, procured of the clerk of the Logan county court

two warrants covering the amount named; one of them being for $450 and the other for $1,200. In November, 1905, he assigned the two warrants to appellees, George L. Gillum & Son, a firm composed of George L. Gillum and Perry Gillum, engaged in the hardware business in Russellville, and received of them $1,552.40 therefor. Of the amount thus received, Flowers expended $1,108.17 in constructing an iron bridge on Muddy river, where it is crossed by the Russellville and Morgantown road near Duncan's in Logan county. Following the completion of the bridge, the appellees, George L. Gillum & Son, demanded of the appellant John W. Milliken, treasurer of Logan county, payment of each of the warrants assigned them by Flowers, but that officer refused to pay them, and appellees thereupon brought suit against him in his official capacity and against Logan county and also against J. S. Flowers to recover the $1,650 claimed to be due them upon the warrants.

The answer filed by the treasurer for himself and Logan county denies any liability on their part upon the warrants, claims that both are void for uncertainty, that the fiscal court was without power to appoint Flowers commissioner to construct the bridge, and that the assignment of the warrants by the latter to appellees was unauthorized and void, as were his acts in constructing the bridge and expending therefor such part of the money he received from appellees as was applied to that purpose. The answer of Flowers alleged the bona fides of the assignment of the warrants to appellees, and of his acts in constructing the bridge and expending therefor the money received of appellees, and also alleged that out of the balance of $444.23 he claimed was left in his

hands after paying for the bridge he paid $260 for road work in the Russellville magisterial district which the fiscal court had directed him as commissioner to have done, but later refused to pay him for, and was entitled to $42 for his services in superintending the building of the bridge, and these sums, which, it was averred, he was entitled to be paid out of the $444.23, left in his hands, but $184.23, and the latter sum he was, as alleged, entitled to retain for services rendered by him as commissioner of public roads by order of the fiscal court. Responsive pleading controverting both answers was filed by appellees.

The circuit court on the issues thus made, and following the taking of proofs by the parties, rendered the following judgment, viz.: "These consolidated causes coming on to be heard upon the pleadings and testimony and the court being advised, it is now adjudged by the court that the plaintiffs, George L. Gillum and Perry Gillum, partners trading as George L. Gillum & Son, recover of the defendant, Logan county, the sum of $1,108.17, with interest thereon at the rate of 6 per cent. per annum from the 1st day of January, 1907, and two-thirds of their costs in these actions expended, for which execution may issue after 10 days. To which judgment the defendant Logan county objects and excepts, and prays an appeal to the Court of Appeals, which is granted. It is further adjudged by the court that the plaintiffs as above named recover of the defendant J. S. Flowers, the sum of $454.83, with interest thereon from January 1, 1907, until paid at the rate of 6 per cent. per annum, and one-third of their costs in these actions expended, for which execution may is-

sue after 10 days. To all of which judgment against him the defendant J. S. Flowers objects and excepts, and prays an appeal to the Court of Appeals, which is granted. The court delivered a written opinion in these actions, which is hereby filed and made a part of this record, and these cases are hereby continued." We concur in the conclusions expressed in the written opinion of the circuit court that the order allowing Flowers the $1,650 was and is void, because of its indefiniteness and the want of authority · on the part of the fiscal court to appoint Flowers, one of its members, a commissioner to construct a bridge. It is impossible to determine from the language of the order for what purpose Flowers was appointed a commissioner, whether to construct a bridge, public road, or some other public improvement not described.

The fiscal court, like other courts, must speak through its records. Extraneous evidence to show the meaning of its orders will not be allowed. As the fiscal court, though a court of record, is one of limited jurisdiction and powers the greater reason exists for applying to its records the rule referred to, otherwise the counties of the state could not conduct their monetary affairs with safety, or protect themselves from expensive and unnecessary litigation. The fiscal court cannot delegate to an agent the discretion with which the law clothes it. It may, after determining the necessity therefor, appoint a commissioner, not a member of the court, to construct a bridge or contract for its construction, but in doing so it should in advance direct through its records what character of bridge it should be and its cost, instead of allowing him a round sum with

which to do the work and leaving to his judgment
what shall be the character of the work and its cost,
or allowing him to obtain the money in advance of
the doing of the work, either by a sale and assign-
ment of warrants therefor, or collecting it from the
county treasurer.

The treasurer of the county is the legal custodian
of its money and responsible upon his official bond
for its safe-keeping and payment, and the fiscal court
has no power to order the county's money paid by
the treasurer into the hands of another person to be
paid out by the latter some months later in satisfac-
tion of the county's indebtedness created by the per-
son receiving the money.  Nor can the fact that such
a method of building and paying for roads and
bridges had long been a matter of custom in Logan
county sanction or legalize the method.  In the in-
stant case the warrants embracing the sum allowed
for the construction of the bridge were assigned to
and discounted by appellees in November or Decem-
ber, 1905, when the commissioner had not made a
contract for the construction of the bridge, and did
not know what it would cost.  The money he receiv-
ed upon the warrants he held until the summer of
1906, when about two-thirds of it was paid on the
bridge, leaving the remainder in his hands, which, it
is claimed for the county, has not since been expend-
ed as contemplated by the fiscal court.  Such meth-
ods of conducting the business of a county cannot re-
ceive our approval.  In no event had the fiscal court
the power to appoint Flowers commissioner to con-
struct the bridge in question, as he was a magistrate
of Logan county, and, by virtue thereof a member
of the fiscal court of the county.  In the case of

Pulaski County v. Sears, 117 Ky. 249, 78 S. W. 123, 25 Ky. Law Rep. 1381, it was held that an order of the fiscal court investing the county judge with the general supervision of the roads of the county and making the magistrate in each magisterial district his assistant was void. In Boyd County v. Arthur, 118 Ky. 932, 82 S. W. 613, 26 Ky. Law Rep. 906, it is said: "The statutes that we have referred to have the same end in view when they forbid members of the fiscal court being interested in any contract or work. * * *" Vaughn v. Hulett, 119 Ky. 380, 84 S. W. 309, 27 Ky. Law Rep. 35; Daviess County v. Goodwin, 116 Ky. 891, 77 S. W. 185, 25 Ky. Law Rep. 1081. It is patent, however, from the record that the warrants issued to Flowers were discounted by appellees in good faith, and that Flowers also acted in good faith in so disposing of the warrants. Indeed, the record casts no reflection upon the character of any of the parties to the transaction, but, on the contrary, shows that they but followed a custom which, though unsanctioned by the law, had long obtained in Logan county. It conceded that the bridge constructed across Muddy river near Duncan's, under the supervision of Flowers, was of excellent material and workmanship, and that its cost was less than was expected by the fiscal court. As before stated, the bridge cost $1,108.17, and this sum was admittedly paid by Flowers out of the $1,552.40 obtained from appellees upon the warrants. As the fiscal court of Logan county seems to have accepted the bridge and it has been in use by the people of the county since its completion and is conceded to be worth the amount expended by Flowers in its construction, we think equity requires that Logan county should pay appellees the $1,108.17 they furnished to

construct the bridge.  Therefore in so adjudging the
circuit court did not err.   As Flowers, however in-
nocent of any purpose to wrong them, sold and as-
signed appellees, the two void warrants, he is liable
to them for the difference between what they paid
him for the warrants and the amount for which they
were given judgment against Logan county; that is,
they were entitled to recover of him $454.83, with in-
terest from January 1, 1907, and for this sum and
interest the circuit court very properly gave appel-
lees judgment against Flowers.

The circuit court did not pass upon the credits and
demands asserted against the claim of appellees and
against Logan county by the answer of Flowers, nor
will we do so, as it appears that these matters can-
not be relied on to defeat appellees' claim, and be-
sides they, with other like demands, are involved in
another action between Flowers and Logan county,
pending in the Logan circuit court.

Finding no error in the judgment appealed from,
it is affirmed both as to Logan county and J. S.
Flowers.