i.... l.l .

CASE 87.—ACTION BY LOGAN ˙COUNTY AND OTHERS AGAINST J. W. CLARK AND OTHERS.—June 7, 1910.

## Clark, &c. v. Logan County, &c.

Appeal from Logan Circuit Court.

W. P. SANDIDGE, Circuit Judge.

Judgment for plaintiffs and defendants appeal and plaintiffs prosecute a cross appeal.—Affirmed on cross appeal and reversed on original appeal.

1. Limitation of Actions—Implied ˙Contract to Return Money Wrongfully Received.—An action by a county to recover from a county official salary paid him to which he was not ˙entitled and money received by him in˙ his official capacity and not accounted for, involves an implied contract on his part to pay back to the county that which he had no right to withhold, and is governed by Ky. St. section 2515, requiring an action on such a contract to be brought within five years.

2. Officers—˙Salaries—˙Change During Term.—Where a county· judge was elected November, 1897, for a term ˙of four years and re-elected for another term, an order of the fiscal court increasing the salary of the office, passed in October, 1898, was inoperative during˙ his first term ˙under Const. section 161, ˙providing that˙ the compensation of a county officer shall· not be changed during his term, but was·operative as to his second term.

3. Limitation of Actions—Burden of Proof.—In an action by a

Clark, et al. v. Logan County, et al.

county to recover from a county official money wrongfully paid him, the burden of showing that part of such money was paid him more than five years prior to the commencement of the action, and therefore barred by limitation, was upon defendant.

4. Counties— Officers— Compensation— Additional Compensations.—Under Ky. St. section 1844, providing that no member of the fiscal court shall be interested in any contract for work to be done or material to be furnished for the county, the county judge, a member of such court, could not legally be employed as commissioner of the county poor house or courthouse commissioner, and was not entitled to compensation therefor.

5. Limitation of Actions—Action to Recover Money Unlawfully Received—Amendment of Pleadings—Where money was unlawfully paid a county judge by the county in 1902, and an amended petition seeking recovery of such item in an action to recover other moneys so paid him was filed in 1909, the claim was barred by five-year limitations; Ky. St. section 2515, barring an action on an implied contract to repay money unlawfully received in that time.

6. Judgment—Scope of Recovery—Pleadings.—In an action to recover from a county official money unlawfully paid him by the county, it would be error to include in the judgment items not sued for.

7. Estoppel—Expenditures of Public Money in Irregular Manner—Right to Recover.—If a thing done by a public officer is illegal, however beneficial it may be, the public is not estopped to deny the validity of the expenditure, but where the thing is authorized to be done and is done by the body charged with doing it, but in a manner contrary to that directed by statute, the official will not be compelled to pay back the money and let the public continue to enjoy the benefit of its expenditure, if it appears that the expenditure was in good faith, and the public has got what it was entitled to

8. Counties—County Judge—Liability of Surety—Provisions of Bond.—A county judge's bond conditioned that he should account for all money coming into his hands as such judge did not cover moneys which he as county judge had no right to receive; and the sureties cannot be held liable therefor.

BROWDER & BROWDER and S. R. CREWDSON for appellants.

SELDEN Y. TRIMBLE, R. W. DAVIS, JOHN S. RHEA and E. J. FELTS for appellees.

OPINION OF THE COURT BY WM. ROGERS CLAY, COM-
MISSIONER.

At the regular election held in November, 1897,
J. W. Clark was elected county judge of Logan coun-
ty for a term of four years beginning in January,
1898. In November, 1901, he was re-elected for an-
other term beginning January, 1902. He served both
terms and retired from office in January, 1906. On
January 1, 1898, he executed bond with Rowland
Clark, George T. Clark, and T. C. Clark as sureties.
On December 28, 1899, he executed bond with the
same sureties. On January 1, 1902, he executed bond
with T. C. Clark and George T. Clark as sureties. On
January 1, 1904, he executed bond with Roy Clark,
Rowland Clark, and George T. Clark as sureties. The
condition of the first bond was that J. W. Clark would
faithfully discharge the duties of judge of the county
court of Logan county, Ky., and would truly account
for any and all moneys coming into his hands as such
county judge. The condition of the second and third
bonds was the same as the first. The condition of
the last bond was that J. W. Clark would faithfully
discharge all the duties of the office of judge of the
Logan county court. Logan county brought this ac-
tion on September 13, 1906, to recover of J. W. Clark
and his sureties about $12,000. Among the items
sued for were the following: First, excess salary of
$700, which it is claimed was paid J. W. Clark con-
trary to law; second, eight years' salary as commis-
sioner of the poorhouse, at $25 per year, amounting
to $200; third, $500 allowed J. W. Clark in 1905, for
his services as courthouse commissioner; fourth, $100
allowed J. W. Clark in 1902 for signing courthouse
bonds. The balance of the sum sued for was made

up of various sums, which it was charged were placed in J. W. Clark's hands as commissioner of the poorhouse, commissioner of the courthouse, and in other capacities, and which he failed to account for.   Upon submission of the case judgment was entered against J. W. Clark, George T. Clark, and Rowland Clark for the sum of $387.50; against J. W. Clark and George T. Clark for the sum of $531; against J. W. Clark, George T. Clark, Rowland Clark, and Roy Clark, for $743.64.   All costs were adjudged against the defendants, and each of the above sums was to bear interest from the date of the judgment.   From this judgment J. W. Clark and his sureties have appealed, and Logan county has prosecuted a cross-appeal.

Among the pleas interposed by the defendant J. W. Clark was the statute of limitations.   We conclude that the five-year statute applies.   It is simply a case arising upon an implied contract on the part of J. W. Clark to pay back to the county that which he had no right to receive, and is therefore governed by section 2515, Ky. St. (Russell's St. sec. 224.)

We shall first consider the question of salary.   The salary of the county judge was fixed in October, 1897, at $500 per year.   J. W. Clark drew that salary for the year 1898.   In October, 1898, an order was made by the fiscal court fixing the salary of the county judge at $600.   This salary J. W. Clark drew for the remainder of his first term and also for the four years of his second term.   As he had been elected to office in 1897, and as the order of October, 1898, changed his salary after his election, it follows that the order was inoperative during his first term. Const. sec. 161; McNew v. Commonwealth, 123 Ky. 115, 93 S. W. 1047, 29 Ky. Law Rep. 540; City v. Wil-

son, 99 Ky. 598, 36 S. W. 944, 18 Ky. Law Rep. 427; McCracken County v. Reed, 125 Ky. 420, 101 S. W. 348, 31 Ky. Law Rep. 31; Spalding v. Thornbery, 128 Ky. 533, 103 S. W. 291, 31 Ky. Law Rep. 738.

While the order of 1898 was invalid in so far as it fixed J. W. Clark's salary for his first term, it was not invalid so far as his second term was concerned. It did not change the county judge's salary after his election for a second term. We therefore conclude that J. W. Clark had the right to draw the increased salary during his second term. He had no right, however, to draw the increased salary for the years 1899, 1900, and 1901.

The next question is: Was any part of the salary illegally paid him paid more than five years prior to the institution of this action on September 13, 1906? Upon this question the burden of proof was upon J. W. Clark. We think he showed that the salary of 1899 and 1900 was paid more than five years prior to the institution of this suit. He failed to show, however, when his salary for the year 1901 was paid. We therefore conclude that the salary of 1901 was paid him within less than five years next before the institution of this suit. That being the case, Logan county was entitled to recover on this item the sum of $100, with interest.

The next allowance to be considered is that of $25 per year paid to J. W. Clark for his services as commissioner of the poorhouse. In this connection it is argued by counsel for appellants that this allowance was for extra services not devolving upon J. W. Clark as county judge; and it is claimed that such an allowance is authorized by the case of Slayton v. Rogers, 128 Ky. 106, 107 S. W. 696, 32 Ky. Law Rep. 897.

In that case, Rogers, who was county attorney, was appointed commissioner to settle with the sheriff. It was held that the compensation allowed Rogers was for extra services outside of and independent of his official duties, and that there was nothing in the stat-utes which prevented his employment. The case before us does not come within the rule there laid down. Section 1884, Ky. St. (Russell's St. sec. 2978), provides that no member of the fiscal court shall be interested, directly or indirectly, or be concerned in any contract for work to be done or material to be furnished for the county, or any district thereof, nor purchase or be interested in any claim against the county or state. It therefore follows that the employment of J. W. Clark as commissioner of the county poorhouse was contrary to the statute. Daviess County v. Goodwin, 116 Ky. 891, 77 S. W. 185, 25 Ky. Law Rep. 1081; Boyd County v. Arthur, 118 Ky. 932, 82 S. W. 613, 26 Ky. Law Rep. 906.

The next question with respect to this item is: How much of this claim is barred by limitation? The record shows that the payments of $25 were made in October of each year. That being the case, no recovery can be had upon the first, second, and third payments. The remaining five payments are not barred. Logan county is therefore entitled to recover on five payments of $25 each, with interest on each payment from the time it was paid. As the fiscal court had no right to employ J. W. Clark as courthouse commissioner, it follows that the payment of $500 as compensation for his services was unauthorized by law. As this payment was made in 1905, no question of limitation can arise. Logan county is therefore entitled to recover the sum so paid, with interest from the time of its payment. The $100 allowed J. W. Clark

for signing courthouse bonds was paid in 1902. The amended petition asking a recovery of this item was not filed until 1909. This claim is therefore barred by the statute of limitations, and no recovery can be had thereon. Exactly what items are embraced in the judgment of the lower court do not appear. It would seem, however, that a claim of $288 allowed J. W. Clark for rent of his telephone was included in the judgment. Without passing upon the question of the validity of this payment, it is sufficient to say that this item was not sued for, and should not have been included in the judgment.' As to the remaining items, consisting of moneys placed in J. W. Clark's hands and which it is claimed he did not account for, the trial court was of the opinion that he made a full and complete showing to the effect that these moneys were all expended for the purposes for which they were intended, and that Logan county received and enjoyed the full benefit thereof. After a careful reading of the record, we see no reason for reversing the finding of the lower court upon these questions.

The facts in this case are very similar to those of the case of Flowers v. Logan County, 127 S. W. 512, 137 Ky. —. There this court said: "If the thing done had been illegal, or not warranted by law, however beneficial it might have been, the public ought not to be estopped to deny the validity of the expenditure; or where the thing is authorized, but it is proposed to do it in an unauthorized manner, upon seasonable complaint those charged with doing the thing will be compelled to execute it as the law directs, and prohibited from doing it otherwise. But where the thing is authorized to be done, and is done by the body charged with doing it, but done in a manner contrary to that directed by the statute, the court will not compel the

official to pay back the money and let the public continue to enjoy the benefits of its expenditure. If it is made to appear that the expenditure was in good faith, and the public has got that which it was entitled to, good conscience forbids the recovery. The law therefore denies it.'' For the same reason, a recovery is denied in this case.

We conclude that J. W. Clark's sureties are not liable for any of the sums adjudged against him. They did not undertake that J. W. Clark would account for all moneys which he was not authorized to accept. Their bonds did not cover moneys which he, as county judge, had no right to receive. Commonwealth v. Bacon, 111 S. W. 287, 33 Ky. Law Rep. 935; Hammond v. Crawford, 9 Bush, 75; Duncan v. Smith, 15 Ky. Law Rep. 58; American Bonding Company v. Blount, 65 S. W. 806; 23 Ky. Law Rep. 1632; Hatcher v. Pike County, 13 Ky. Law Rep. 494.

The judgment is affirmed on the cross appeal, and reversed on the original appeal, with directions to enter judgment in conformity with this opinion.