JUDGE COFER
delivered the opinion oe the court.
The appellant having been indicted, convicted, and fined $500 for usurping the office of judge of the election at the third-ward polls in the city of Covington, at the general election held August 5, 1878, prosecutes this appeal to reverse that judgment;
He demurred to the indictment, and moved in [arrest of judgment; and the first • question is, whether the indictment was sufficient.
It accuses him of the offense of usurping an office, committed as follows: “The said Martin D. Wayman, on the 5th day of August, 1878, in the county and state aforesaid, . . did unlawfully usurp the office of judge of election at the third - ward polls in the city of Covington, at an election then and there being legally held under the constitution and laws of the state of Kentucky for the offices of judge of the Criminal Court of the Twelfth Judicial District, judge of the Kenton County Court, and other county officers, and for the offices of mayor and marshal of the city of Covington, and for which offices citizens of Kenton County were then and there candidates, and were then and there voted for, and at which election so had and held Joseph Havlin and Jacob C. Lett were in office, the duly-appointed and qualified judges of said election, the said Martin D. Wayman then and there usurped said office of judge as aforesaid, and forcibly displaced said Havlin and Lett from said office, and then and there pretended to and unlawfully did occupy said office and discharge the duties thereof, by receiving and causing to be recorded votes for the candidates for the offices aforesaid, and certifying the returns thereof,” etc.
*470 Section 1, article 25, chapter 29, General Statutes, provides, “ If any person shall usurp any office established by the constitution or laws of this Commonwealth, or shall knowingly hold and pretend to exercise such office, after his election or appointment thereto shall have' been declared by a court of competent jurisdiction illegal or void, or after his term of office has constitutionally' and legally expired, he shall be guilty of a misdemeanor, and fined in a sum not less than $500 nor more than $1,500.”
Section 1, article 3, chapter 33, provides for the annual appointment by the county court of two discreet voters in each election precinct as judges of the election in their precinct, who shall hold their offices until their successors are appointed and qualified; and section 4 provides that they shall take the oath of office prescribed by the constitution. The office of judge of election is therefore an office established by the laws of this Commonwealth, and its usurpation is punishable under section 1, article 25, chapter 29, supra.
But it is contended that the indictment in this case does not contain a statement of acts constituting that offense. Section 5, article 3, chapter 33 provides that the judges shall superintend the election, determine upon the legality of all votes offered, see that votes are properly recorded in the poll-books, attend to the proper summing up of the votes, certify the poll-books over their signatures, and deliver the same inclosed in an envelope, sealed by them before they separate, to the sheriff.
The indictment charges that'the defendant did unlawfully usurp the office of judge of the election at the third-ward polls in Covington at an election then and there being legally held; and the specific acts charged and relied on as constituting the offense are, that the defendant forcibly displaced Havlin and Lett from said office, “ and then and there ” pretended to and unlawfully did occupy said office and discharge the duties *471 thereof, by receiving and causing to be recorded votes for the candidates for the offices aforesaid, and certifying the returns thereof.”
To receive votes and cause them to be recorded, and certify the returns thereof, are duties required by the statute to be performed by judges of election. These acts are charged to have been done by the defendant unlawfully, and, if done unlawfully, constitute the very essence of usurpation. The appellant was intended to be charged under the first clause of section 1, article 25, supra, and it was n,ot necessary to charge the acts constituting the offense described in the second clause. It seems to us therefore that the demurrer was properly overruled, and this disposes also of the alleged error in overruling the motion in arrest of judgment.
It is next contended that the county court composed of the county judge alone had no power to appoint Havlin and Lett judges of the election, and further, that if the court so constituted would ordinarily have power to appoint judges of election, it had none in this instance, because the county judge, when sitting as a county court, and appointing Havlin and Lett, was himself a candidate, and was voted for as such at the election being held by them when the appellant is charged with usurping the office of judge of an election.
But we deem it unnecessary to enter upon a discussion of these questions. Counsel distinctly disclaims any intention to insist that if the appointment of Havlin and Lett was illegal the fact would in any way justify or excuse his client, if in fact he, without competent authority, assumed to act as a judge. His point is this: That the allegation that an election was then and there being legally held is descriptive of the offense charged, and even though unnecessarily alleged, must be proved as laid. In this we do not concur. The lawfulness of the election is no part of the description either of any act done by the appellant or of the subject of his offense. That *472 Havlin and Lett were acting as judges, that the offense was committed at the third-ward polls, and that it was committed on the 5th day of August (that being the day fixed by law for holding the election), were descriptive, and served to identify it, but the title, by which those acting,as judges, before and at the time of the offense, held the office, does not serve in any way to identify the particular offense charged in the indictment.
The theory upon which unnecessary particularity of description must be proved is, that it serves to identify the particular offense for which the party is called to answer, and that an offense not corresponding in its circumstances with the whole description is not the particular offense the accused was called on. to answer. Siich particularity may have misled him in the preparation of his defense, and unless proved may deprive him of the benefit of a plea of acquittal or conviction, on a second prosecution. But no such' wrong could result from the charge that the incumbent of the office he is alleged to have usurped was legally in office, when in fact he was not. Nor are we prepared to say, if Havlin and Lett wei’e not legally appointed, that therefore the election was not being legally held, especially in view of the fact that their appointment was according to the forms of law, and by the authority designated by statute, whether legally constituted or not. There are many respectable authorities to the effect that an election so held is, as to all third persons, legal and valid, even when directly called in question.
And what we have just said is also an answer to the objection that Havlin and Lett had not been sworn.
The statute makes the acts constituting usurpation of office an offense. It contains no words as to the class of offenses designated in the first pax*t of the section which indicate that the motives of aü offender,' or the intent with which he usurps an office shall enter into the offense. We know the general rule is that there. can be no crime without an evil *473 intent, but in a large number of statutory misdemeanors this rule does not apply. It has been so held in prosecutions for selling liquors to minors, and for carrying concealed' deadly weapons.'.
This statute seems to require the same construction. It first designates the general offense of usurpation of office, and then goes on to declare, “ or shall knowingly hold ” and exercise office under designated circumstances, indicating that the legislature intended the first class to be punished for the fact of usurpation without regard to the question whether the usurper’s motives were good or bad, while the latter class should only be punished when there was an evil intent.
But whatever may be the true construction of the statute, the acts charged were willfully done, and there was no mistake of the fact, there, was. no coercion and no aberration of mind, and when with a knowledge of all the facts one deliberately violates a positive law which he is presumed to know, he can hot', be' excused' on the ground that he intéñded no wrong.
In the Connecticut case cited by counsel there was a mistake of fact, or rather, the assurance upon which the owner hired his conveyance was false. He was informed that it was to be used for charity; he acted under that belief, and the violation of the statute was in consequence of the use made of the carriage by the hirer. The law did not hold the owner guilty, because on the facts as they appeared to him when he acted, he committed no offense. The appellant may have supposed from what the notary and attorney said to him he was not violating the law, but that was a mistake of law and not of fact.
The case of the alien who voted, supposing himself naturalized, is also unlike this. His excuse was not that he did not know the law required certain steps to be taken, and had, because of such ignorance of the law, failed to take them, but *474 he knew the necessary steps and supposed he had done the very things required, but was as to that fact mistaken.
The instructions given by the court conformed to these views and were proper, and those asked by the appellant’s counsel were based on the erroneous assumption that there was some evidence conducing to prove mistake of fact. There was ho such evidence. The appellant knew all the facts; he may not have known the law, but before assuming a place of such responsibility he should have known enough of it to understand that an officer of the election could not be appointed by a tumultuous assembly of citizens who had seized and held unlawful possession of the poll-books.
Judgment affirmed.