CASE 45—ACTION BY C. T. VAUGHN AGAINST H. B. HULETT, COUNTY
TREASURER, FOR AN INJUNCTION TO PREVENT HIM FROM IMPROP-
ERLY PAYING OUT THE COUNTY FUNDS TO ROAD OVERSEERS.—
JANUARY 4.

# Vaughn v. Hulett.

APPEAL FROM LAWRENCE CIRCUIT COURT—S. G. KINNER, CIRCUIT
JUDGE.

JUDGMENT FOR DEFENDANT. PLAINTIFF APPEALS. REVERSED.

HIGHWAYS—COMPENSATION OF OVERSEERS—POWER OF FISCAL COURTS.

Under Kentucky Statutes 1903, section 1840, giving the fiscal court
authority to appropriate money only when authorized
by law, and in view of section 4310, exempting road over-
seers from service on juries and from poll tax for road and
bridge purposes as compensation for services as such overseer,
the fiscal court has no authority to appropriate county funds
for salary or compensation of a road overseer, unless his ser-
vices are performed by direction of the fiscal court, under
section 4315, when there is no supervisor, or he is appointed
assistant supervisor for special services, as authorized by
sections 4344, 4346.

W. D. O'NEAL FOR APPELLANT.

1. Appellant insists that road overseers appointed by the
county court under section 4309, Kentucky Statutes, to work
the public roads under the "road hand" system are not entitled
to compensation for their services; that the only provision
made for such officers in consideration for their services to
the public, is in section 4310, Kentucky Statutes, which ex-
empts such officers from service on juries and from paying a
poll tax for road and bridge purposes, their service being of
an ex-officio nature.

2. That the fiscal court is a court of limited jurisdiction, and
can only appropriate the public money as is expressly provided
by law, and that there is neither express nor implied authority
of law to pay such officers a salary or a compensation for such
services.

Vaughn v. Hulett.

3. Salaries of officers can not be paid out of the road and bridge fund. Money levied for one purpose can not be appropriated to another.

4. A yearly salary can not be paid legally before the service has been rendered. Neither of the overseers mentioned in the record had been in office a full year, and is so admitted.

5. The remedy is by injunction.

## ERRORS.

1. The court erred in sustaining a demurrer to the reply.
2. The court erred in dismissing the petition.

## AUTHORITIES CITED.

Constitution, secs. 162, 180; Ky. Stat., secs. 1749, 1840, 4309, 4313, 4338, 4344, 4346; Wadsworth v. City, 24 Ky. Law Rep., 312; Suter, Sheriff, v. Stone, Auditor, 22 Ky. Law Rep., 224; Morgantown Deposit Bank v. Johnson, Sheriff, &c., 22 Ky. Law Rep., 210; 13 Bush, 53; Henderson, &c., v. City of Covington, &c., 14 Bush, 312; Patten, &c., v. Stephens, &c., 14 Bush, 324; High on Injunctions, 3d Ed., secs. 1236, 1237, 1238, 1239.

M. S. BARNES, ATTORNEY FOR APPELLEE.

Heretofore, the county court of this county has annually appointed 300 overseers of roads, which involved a large expense in serving them with notice of appointment every two years, and in filling vacancies, and in supplying them with tools, etc. Under the statutes as they now exist, we claim that the fiscal court had the authority to do away with this great number of overseers, and to reduce the number to seventeen, thereby enlarging their road precincts, and to allow them a compensation not to exceed $50 each, per annum, according to the number of days actually employed. In this way the roads are much better worked than under the old system, and there is a large saving to the county every year. We claim that there is nothing in the statutes forbidding this plan which has been adopted by the court, and that a proper construction of the statutes will uphold it.

## AUTHORITIES CITED.

Ky. Stat., secs. 4309, 4306, 4308, 1840, 1834, 4311, 4346; Field v. Stroube, 19 R., 1751.

OPINION OF THE COURT BY JUDGE NUNN—REVERSING.

At a special term of the fiscal court of Lawrence county held in the month of June, 1903, the following order was entered: "It is ordered by the court that the road overseers of this county be paid a reasonable compensation per year as a salary for their services as such, but in no event to exceed $50 per annum, beginning on and after July 1, 1903, and provided the number of overseers in the county is not to exceed twenty." In pursuance of this order the county court caused the county to be divided into seventeen road precincts, and fixed the boundaries of the same, and allotted all the able-bodied male citizens within the boundary between the ages of eighteen and fifty years to work on the roads in their respective precincts, and appointed for each precinct an overseer. Before the expiration of a year from the date of the appointment of these overseers the fiscal court made to them an allowance for their services as such overseers, and directed the treasurer of the county, who is the appellee, to pay them. The appellant, a citizen and taxpayer of the county, who sued for himself and the other taxpayers, brought this action against appellee to enjoin him from paying these orders upon the ground that they were void; that the law did not authorize the fiscal court to appropriate the funds of the county to pay overseers a salary or any compensation for their services as overseers of roads. It appears that the roads of Lawrence county are maintained by both taxation and by hands allotted to work thereon. The county has a supervisor of roads in addition to the seventeen overseers. The only question necessary to be determined on this appeal is whether the fiscal court was authorized by law to allow overseers a salary or compensation for their services as such overseers. This is evidently what the fiscal court intended to and did do by its orders referred to. While the statutes on

the subject are not clear, we have arrived at the conclusion
that the court did not have any authority to make the orders,
and that its action in the matter was void.  The fiscal court
is a court of limited powers, and has no jurisdiction to ap-
propriate county funds except as it is authorized by law to
do so.  See Morgantown Deposit Bank v. Johnson, 56 S. W.,
825, 22 Ky. Law Rep., 211, and section 1840, Kentucky Stat-
utes, 1903.  The section of the statute referred to provides
that the fiscal court shall have jurisdiction to appropriate
county funds authorized by law to be appropriated.  We
construe this to mean that the fiscal court has not the juris-
diction to appropriate the funds of the county for any pur-
pose unless the law authorized the appropriation.  The county
court appoints the overseers and the fiscal court the super-
visor.  The statute (section 4310) fixed the compensation of
overseers, wherein it is provided that they shall be exempt
from service on juries and from poll tax for road and bridge
purposes.  This language excludes the idea that they can le-
gally be allowed or receive anything in addition thereto as
compensation for their services as overseers.  The makers of
the statutes on this subject contemplated that in considera-
tion of the benefits received under section 4310 the overseers
would cause the roads to be worked by the road hands as
provided in section 4308; that is, not exceeding six days in
any year, and in cases of unusual emergency.  The overseers
are required, for the consideration named, only to perform
the work and labor required of them by the statutes in coun-
ties wherein the roads are not maintained by taxation.  For
their services performed by direction of the fiscal court un-
der section 4315, when there is no supervisor, and if ap-
pointed as assistant supervisor as authorized by sections 4344
and 4346, the fiscal court is authorized and directed to fix
and appropriate money to pay a reasonable compensation

to them for their services rendered by direction of the fiscal court other than for their services for which they are paid by reason of the exemptions and benefits provided for them by section 4310, Kentucky Statutes, 1903. It appearing from the orders of the fiscal court that the allowance to the overseers was for the purpose of paying them a salary for their general services as overseers under their appointment by the county court, and not for the purpose of paying them for special services, rendered or to be rendered, under direction or by appointment of the fiscal court by virtue of sections 4315, 4344 and 4346, we are therefore of the opinion that the orders of the fiscal court allowing to the overseers compensation or salaries for their services are void, and the court erred in dismissing appellant's petition.

Wherefore the judgment of the lower court is reversed, and remanded to the lower court for further proceedings consistent with this opinion.