Case 60.—PROCEEDINGS BY W. F. HOWE, COUNTY JUDGE, AGAINST THE FLEMING FISCAL COURT TO REVIEW AN ORDER APPOINTING SUPERVISORS OF TURNPIKES THAT HAVE BECOME COUNTY ROADS.—November 17.

## Fleming County Fiscal Court v. Howe, County Judge.

Appeal from Fleming Circuit Court.

Jas. P. Harbeson, Circuit Judge.

Judgment for plaintiff. Defendants appeal. Affirmed.

1. Turnpikes and Toll Roads—Supervisors—Appointment—Ky. Stats. 1903, sec. 4306; giving the fiscal court of each county the charge of the public roads therein, with power to make rules for keeping the same in repair; sec. 4313, empowering the court wherein roads are worked by taxation to appoint a "supervisor of roads in * * * the county;" sec. 4344, permitting him to appoint assistant supervisors; and sec. 4748b, providing that free turnpike roads are public roads, to be kept in repair by the fiscal court under the general road law authorized the fiscal court to appoint only one supervisor for the free turnpikes of the county; the general road law allowing the appointment of but one supervisor.

2. Same—Maintenance—The fiscal court of a county may maintain the free turnpikes of the county under rules adopted for that purpose as provided by the statute as to turnpikes, and avail itself of the right conferred by the statute regarding other public roads to appoint a supervisor to control them.

W. G. DEARING for appellant.

A. S. KENDALL for appellee.

(No briefs in the record.)

OPINION BY JUDGE SETTLE—Affirming.

At a regular session of the fiscal court of Fleming county, held April 7, 1899, the following order was entered: "On motion it is ordered that the public roads of Fleming county be kept in order and repair as follows, to wit: (1) All free turnpikes are to be kept in repair by taxation.    (2)   All (dirt) county roads are to be kept in repair by a combined system of taxation and allotment of hands on said roads as at present."   By a previous order certain rules and regulations for maintaining the turnpikes of the county were adopted by the court; and on December 20, 1904, by yet another order, the same court elected or appointed six supervisors to take charge of the turnpikes of the county and keep them in order. Each of these supervisors was given a separate district, over the turnpikes of which he is expected to exercise control, and the compensation of each was fixed at $3 per mile for each mile of turnpike in his district. The county judge excepted to the order appointing the supervisors, and prosecuted an appeal therefrom to the circuit court.  In that court an answer was filed by the fiscal court, in which it set forth the rules it adopted with reference to the turnpikes, its alleged right to appoint the six supervisors, and the reasons for doing so.  A demurrer was filed by the county judge to the answer, which was sustained by the lower court, upon the ground that the fiscal court could appoint but one supervisor of roads; hence its action in electing six supervisors was void.  The case is now before this court for review, and the single question presented for our consideration is, did the fiscal court have authority to appoint more than one supervisor?

Sec. 4306, Ky. Stats., 1903, provides: "The fiscal court of each county shall have general charge and supervision of the public roads and bridges therein

and shall prescribe necessary rules and regulations for repairing, keeping the same in order, and for the proper management of all roads and bridges in said county under and subject to the provisions of this act. The public roads shall be maintained, either by taxation or by hands allotted to work thereon, or both, in the discretion of the fiscal court of the respective counties as hereinafter provided.''

Subsec. 6, sec. 4748b, Ky. Stats. 1903 (Act March 17, 1896, entitled ''Free Turnpike and Gravel Roads''), provides: ''All turnpike and gravel roads thus acquired or constructed shall become public roads, and shall be maintained and kept in repair by and through the provisions of the fiscal court. Said court may provide for keeping them up as is directed and permitted under the general road law, or it may adopt other rules for the maintenance, repair and management of the same.''

Ky. Stats. 1903, sec. 4313, empowers the ''fiscal court of any county wherein the roads are worked by taxation'' to appoint a ''supervisor of roads in and for the county.''

Sec. 4314 requires the supervisor to take an oath and give bond for the faithful performance of his duties, sec. 4315 prescribes his duties with great particularity, sec. 4344 permits the fiscal court to authorize the supervisor to appoint assistant supervisors to aid him in the discharge of his duties, and sec. 4346 directs the fiscal court to fix and appropriate money to pay a reasonable compensation to the supervisor annually and also to pay any assistant supervisor for his services. The statute in respect to turnpike and gravel roads (Act March 17, 1896; Ky. Stats. 1903, sec. 4748b, subsecs. 1-16, inclusive) does not provide for the appointment of a supervisor, or mention

such an officer; but it does declare that turnpike or gravel roads acquired or constructed by a county shall become public roads and be maintained and kept in repair by and through the fiscal court of the county, and that the fiscal court may provide for keeping them up as is directed and permitted under the "general road" law, or it may adopt rules for otherwise maintaining them.

The fiscal court seems to have attempted to follow both these plans in maintaining its turnpikes, for it adopted certain rules applicable to the turnpikes alone, as provided by the statute in regard to turnpikes and gravel roads; but in appointing supervisors to take charge of and keep the turnpikes in order it endeavored to follow the general road law without conforming to its requirements, for the statute as to public roads, known as the "general road law," as before remarked, allows the appointment of but one supervisor of roads by the fiscal court, though by order of that court he (the supervisor) may appoint assistant supervisors. We know of no reason why the fiscal court may not maintain the turnpikes of the county under rules adopted for that purpose as provided by the statute as to turnpikes, and at the same time avail itself of the right conferred by the statute regarding other public roads to appoint a supervisor to take control of them; but, if it does so, it can appoint but one supervisor. The fiscal court is a court of limited jurisdiction. Its powers are defined by statute and must be exercised accordingly. It can not create offices or appoint officers without statutory authority. Although the precise question here presented has not been passed on by this court, in Daviess County v. Goodwin, 116 Ky., 891, 77 S. W., 185, 25 Ky. Law Rep., 1081, it was held that "the

fiscal court is without authority to appoint the county judge county supervisor of roads, and, that court being a court of limited jurisdiction, its action in doing so is void."

Also in Pulaski County v. Sears, 117 Ky., 249, 78 S. W., 123, 25 Ky. Law Rep., 1381, it was held that an order of the fiscal court investing the county judge with the general supervision of the roads of the county and making the magistrate in each magisterial district his assistant was void.

Again in Boyd County v. Arthur, 118 Ky., 932, 82 S. W., 613, 26 Ky. Law Rep., 908, the court, in discussing the powers of the fiscal court in respect to the public roads of the county, said: "The statutes that we have referred to have the same end in view when they forbid the members of the fiscal court being interested in any contract or work, and in providing that they may appoint one supervisor for the whole county and exercise supervision over him. (Vaughn v. Hulett, 119 Ky., 380, 84 S. W., 309, 27 Ky. Law Rep., 35.) For the sake of uniformity and efficiency, it would be well for the fiscal court of each county of the State wherein the public roads and turnpikes are maintained by taxation to appoint a supervisor of roads, as by the provisions of the statute on the subject of public roads the supervisor is required to report statedly his official acts and doings, and the duties required of him are to be exercised under the supervision of the fiscal court.

Being of the opinion that the order of the appellant, fiscal court of Fleming county, appointing or electing the six supervisors, is void, the judgment of the circuit court is affirmed.