Palmer v. Commonwealth.

CASE 78.—PROSECUTION AGAINST A. B. PALMER FOR USURPATION OF OFFICE.—April 27.

## Palmer v. Commonwealth

Appeal from Hardin Circuit Court.

WEED H. CHELF, Circuit Judge.

Defendant convicted and appeals. Reversed.

1. Officers—Usurpation of Office—Criminal Responsibility—One holding the office of a notary public, who continued to exercise the functions of that office after he was appointed and qualified as postmaster, was not guilty of usurpation, within Ky. Stats., 1903, section 1364, making usurpation of office a misdemeanor.

2. Same—One continuing to exercise the functions of the office of notary public after his appointment and qualification as a postmaster is not guilty of violation of Ky. Stats., 1903, section 1364, making it a misdemeanor to hold and pretend to exercise an office after his term has constitutionally or legally expired.

3. Same—One who continues to exercise the functions of the office of a notary public after his appointment and qualification as a postmaster is not guilty of violation of Ky. Stats., 1903, section 1364, making it a misdemeanor to hold and pretend to exercise an office after his election or appointment thereto shall have been declared by a court of competent jurisdiction illegal or void, in the absence of a showing of such an adjudication.

DU RELLE & McHENRY and W. A. BARRY for appellant.

## POINTS AND AUTHORITIES.

1. The indictment is bad for duplicity.

2. The statute does not cover the acts alleged to have been done by appellant.

3. Appellant was a defacto officer holding under a commission.

4. There is no claim that his appointment had been declared vacant.

5. He did not unlawfully or otherwise pretend to exercise the office of notary public after his term had legally expired.

6. The office of notary is not an office under the constitution or any laws in pursuance thereof.

## AUTHORITIES CITED.

Constitution of Ky., sec. 107, 165, 237; Atchison v. Lucas, 83 Ky., 451; Harbour-Pitt Shoe Co. v. Dixon, 22 Ky. Law Rep., 1169; Hoglan v. Carpenter, 4 Bush, 89; Rodman v. Harcourt, 4 B. Mon. 233; Justices, etc. v. Harcourt, 4 B. Mon., 499; First Greenleaf on Evidence, Redfield Ed., chap. 4, sec. 82, 97; Am. & Eng. Ency. Law, vol. 19, page 336; (1st Ed.); 29 A. & E. Ency, page 449; Bonv. Law Dict. Title Usurper; Black's Law Dict. (Usurper) Ky. Civil Code, sec. 483, 484, 487 and 559; Ky. Statutes, sec. 392, 3744, 3746, 3721; Keating v. City of Covington, 18 Ky. Law Rep., 245; Goodloe v. Fox, 86 Ky., 627; Civil Code, sec. 165; Wayman v. Commonwealth, 14 Bush, 473; U. S. v. Nunnemacher, 7 Biss (U. S.) 137; U. S. v. Boyden, 1 Lovell (U. S.) 268.

Palmer v. Commonwealth.

J. R. LAYMAN, Commonwealth's Attorney, L. A. FAUREST, County Attorney, N. B. HAYS, Attorney General, and C. H. MORRIS for appellee.

## POINTS AND AUTHORITIES.

1. A notary public is an officer under the laws made in pursuance of the Kentucky Constitution.

2. The office of Postmaster is incompatible with that of notary public.

3. Ky. Stats., section 1364, includes offices established by the laws of the State.

4. It is not required that defendant should have been adjudged an usurper before the commonwealth can proceed by indictment.

5. One is an usurper who illegally holds and exercises an office without right.

## AUTHORITIES CITED.

Ky. Stats., 3721; Nevada v. Clark, 18 L. R. A., 313; Kirksay v. Bates, 7 Port (Ala.) 529; Governor v. Gordon, 15 Ala., 72; Smith v. Meador, 74 Ga., 416; Keeney v. Leas, 14 Iowa, 464; State v. Kirk, 44 Ind., 401; Howard v. Shoemaker, 35 Ind., 111; Conley Const. Lim., 69; Eudlech Interp. Statutes, sec. 6; Gibons v. Ogden, 22 U. S. Wheat, 6 L. Ed., 75; State v. Clark, 3 Nev., 566; State v. Murray, 28 Wis., 96; People v. Leonard, 73 Cal., 250; Edgecomb v. Creditors, 19 Nev., 152; Ky. Constitution, sec. 93, 107, 237; Hoagland v. Carpenter, 4 Bush, 89; Redmon v. Harcourt, 4 B. M., 224; Justices Spencer County v. Harcourt, 4 B. Mon., 499, Civil Code, sec. 486; Wheeler v. Commonwealth, 98 Ky., 62; Nolan v. Moore, etc., 2 Litt., 366; Wayman v. Commonwealth, 14 Bush, 446.

OPINION OF THE COURT BY JUDGE BARKER—Reversing.

The appellant, A. B. Palmer, was indicted by the grand jury of Hardin county, charged with the offense of usurpation of office. A trial resulted in his being found guilty, and his punishment fixed by a fine of $500. To reverse the judgment enforcing this verdict, he is here on appeal.

Section 1364 of the Kentucky Statutes, under under which the indictment was had, is as follows: "If any person shall usurp any office established by the Constitution or laws of this Comomnwealth, or shall knowingly hold and pretend to exercise such office, after his election or appointment thereto shall have been declared by a court of competent jurisdiction illegal or void, or after his term of office has constitutionally or legally expired, he shall be guilty of a misdemeanor, and fined in a sum not less than five hundred nor more than fifteen hundred dollars." The facts constituting the offense charged against the appellant are these: He was holding the office of notary public under appointment by the Governor of the State. While holding this office he was appointed and qualified as postmaster of the town of Stithton, in Hardin county. After accepting office under the United States, he continued to exercise the functions of the office of notary public.

An analysis of section 1364 shows that it provides for three distinct offenses: First, the usurpation of an office; second, knowingly holding and pretending to exercise an office after the election or appointment of the incumbent has been declared illegal by a court of competent jurisdiction; and, third, holding over after the term of the incumbent has constitutionally or legally expired. The appellant was not a usurper. At the time he took possession of the office of notary public he was eligible and was duly and legally appointed; and while it is true he became ineligible afterwards by the acceptance of and qualification to the office of postmaster, he did not thereby become an usurper. Webster defines the word "usurp" as follows:

"To commit seizure of place, power, function, or the like, without right; to seize and hold it in possession by force or without right; as, to usurp a throne," etc. Bouvier, in his Law Dictionary, defines "usurper" to be: "One who intrudes himself into an office which is vacant, and ousts the incumbent without any color of title whatever; his acts are void in every respect." Anderson gives the same definition, and derives it from "usurapere"—"to seize to one's own use." To usurp an office, then, is to seize it by force, actual or constructive, without any color of right or title. Usurpation is entirely different from holding an office originally rightfully possessed, but to which the incumbent becomes ineligible by the happening of some extraneous fact or circumstance. This difference between the offenses provided for by section 1364 of the Kentucky Statutes of 1903 is enunciated in the case of Wayman v. Commonwealth, 14 Bush., 466.

Appellant does not fall within the third class of offenses provided by the statute, because his term of office did not legally or constitutionally expire. He was appointed for four years, or until the next session of the Legislature. It is not pretended that his term of office had expired. There is a difference between the right of incumbency and the term of office. If one who is in office becomes ineligible to hold it longer—as that he moves out of the district—his term of office does not thereby expire, although his right of incumbency ceases. His successor is elected or appointed to fill out his unexpired term.

Appellant, if his case comes within the language of the statute at all, falls within the second class of offenses; and, in order to convict him under this, it is

necessary that he should knowingly hold his office after a judicial declaration vacating his election or appointment. This judicial determination is not pretended in this case. There are but three offenses punishable under the statute: First, when the defendant usurps the office by force—seizes it without color of right or authority; second, when he holds it knowingly after adverse adjudication upon his title to hold it longer; and, third, when he holds it after his term has expired. The Legislature, in section 1364, undertook to, and did, provide punishment for each of these. To constitute one a usurper, it is not necessary to allege scienter, because, as the offender has no color of right or authority, he is bound to know his act of seizure to be unlawful. Nor is it necessary to allege scienter as to the third class, because one who accepts office for a given term is bound to know when that term legally expires, and therefore the statute has not made it necessary that the scienter should be alleged as to him. But the second class involves more doubt, and admits of question as to whether or not any given fact or circumstance is legally so incompatible with the further holding of the office in question as to render the incumbent ineligible to continue to perform its functions. Consequently, as the statute is a severe one the Legislature has made it necessary that there should be a wrongful holding of the office after a judicial determination that the incumbent is ineligible as a condition precedent to the existence of an offense.

If we are in error of the appellant's case falling within the second class of offenses provided for by the statute, then it is clear that the acts committed

do not constitute an offense under the statute at all; and in either case he was clearly entitled, at the close of the commonwealth's evidence, to a peremptory instruction to the jury to find him not guilty.

The judgment is reversed for proceedings consistent herewith.