CASE 41.—INDICTMENT AGAINST W. W. EUBANK FOR
USURPATION OF OFFICE.—June 26.

# Eubank v. Commonwealth

Appeal from Montgomery Circuit Court.

A. W. YOUNG, Circuit Judge.

Defendant convicted and appeals.—Reversed.

Officers—Offenses—Usurpation of Office—Defendant was not
guilty of usurpation of office within Ky. Stats., 1903, Sec.
1364, making it an offense for any person to hold any office
after his election thereto shall have been declared illegal by
a court of competent jurisdiction, or to usurp any office es-
tablished by law, where, though his election to the office of
road supervisor was not legal, he was put into it by the fiscal
court, and, though he retained possession and exercised the
duties of the office after the fiscal court had declared the
office vacant, there had never been a judicial determination
that the election was illegal by a court of competent juris-
diction.

O'Rear, C. J., and Lassing, J., dissenting.

C. C. TURNER for appellant.

J. H. HAZELRIGG, JNO. E. COOPER, R. H. WINN of counsel.

## AUTHORITIES CITED.

Civil Code, Sec. 334; Crim. Code, Sec. 348; Commonwealth
v. McCready, 2 Metcalf, 377; Commonwealth v. Tarvin, Judge,
72 S. W., 13; Biggs v. McElvain's exrx., 3 A. K. Marshall, 360;
Freeman v. Branham, 17 B. Monroe, 608; Allard v. Smith, 2 Met-
calf, 298; Corley's exrx. v. Evans and wife, 4 Bush, 410; L. & N.
Railroad v. Barbour, 9 Ky. Law Rep., 934; Commonwealth v.
Lewis' admr., 19 Ky. Law Rep., 170; Adkins v. Commonwealth,
19 Ky. Law Rep., 1300; Craft v. Allen, 21 Ky. Law Rep., 244;

Eubank v. Commonwealth.

Beattyville & C. R. R. Co. v. Plummer, etc., 21 Ky. Law Rep., 685; L. & N. R. R. Co. v. Turner, 5 Ky. Law Rep., 544; Tweedy v. Commonwealth, 2 Metcalf, 380; Ky. L. & I. Co. v. Reynolds, 22 Ky. Law Rep., 23; Meadows v. Campbell, 1 Bush, 104; Smith, etc. v. Blakeman, 8 Bush, 476; Gates v. Davis, 86 S. W., 1132; Commonwealth v. Adams, 16 B. Monroe, 338; Commonwealth v. Meludin, 4 Ky. Law Rep., 261; Prater v. Commonwealth, 4 Ky. Law Rep., 37; Wallace v. Commonwealth, 8 Ky. Law Rep., 436; Stratton v. Commonwealth, 8 Ky. Law Rep., 79; Skinner v. Commonwealth, 9 Ky. Law Rep., 682; Commonwealth v. Cole, 9 Ky. Law Rep., 685; Commonwealth Dist. Co. v. Commonwealth, 10 Ky. Law Rep., 816; Vandiver v. Griffith, 2 Metcalf, 425; Lynch v. Reynolds, 6 Bush, 549; Early v. Sutton, 24 Ky. Law Rep., 2381; Newport N. M. V. Co. v. Stavig, 17 Ky. Law Rep., 1113; Knecht v. Louisville Home Telephone Co., 28 Ky. Law Rep., 456.

N. B. HAYS, C. H. MORRIS, LEWIS APPERSON and C. F. THOMAS for appellee.

AUTHORITIES CITED.

Ky. Stats., Secs. 4313, 4344, 1838, 1364; Palmer v. Commonwealth, 29 Ky. Law Rep., 219; Fleming Co. Fiscal Court v. Howe, 28 Ky. Law Rep., 458; Pulaski Co. v. Sears, 25 Ky. Law Rep., 1381; Boyd Co. v. Arthur, 26 Ky. Law Rep., 908; Daviess Co. v. Goodwin, 25 Ky. Law Rep., 1081.

OPINION. OF THE COURT BY JUDGE SETTLE—Reversing.

Appellant was indicted by the grand jury of Montgomery county for usurpation of office. The office he was alleged to have usurped was that of supervisor of roads in and for Montgomery county; it being, in substance, charged in the indictment that though he had never been elected or appointed to the office in question, and knew he was not entitled thereto, appellant unlawfully and wilfully took possession of and held it from April 5, 1905, to January 1, 1906, during which time he pretended to cause work to be done on the public roads of the county, and wilfully and unlaw-

fully certified to the fiscal court of the county for payment claims for work alleged to have been done thereon by others, and also claimed and had allowed by the fiscal court compensation to the amount of $600 for his own alleged services as supervisor of roads for the same time,. and, in addition, that he attempted to displace from the office of supervisor of roads for the county G. P. Douglass, the duly elected and lawful incumbent thereof. Appellants trial under the indictment resulted in his conviction, the jury by their verdict finding him guilty as charged and fixing his punishment at a fine of $500. He was refused a new trial, and by this appeal seeks a reversal of the judgment of conviction.·

His first contention is that the lower court should have sustained his demurrer to the indictment. This contention is without merit. The indictment is sufficiently clear and comprehensive in its "statement of the acts constituting the offense to enable a person of common understanding to know what is intended, and with such degree of certainty as to enable the court to pronounce judgment on conviction according to the right of the case." Crim. Code Prac. subsection 2, section 122.

Appellant's second contention is that the court at the conclusion of the Commonwealth's evidence should have peremptorily instructed the jury to find him not guilty. This contention necessitates a careful review of the evidence relied on by the commonwealth to establish appellant's guilt. Appellant and one Stokely were elected supervisors of roads for Montgomery county by the fiscal court of the county April 5, 1904, for a term of two years each. Each of them at once qualified by executing bond and taking the oath of office. At the same term of the court an

order was entered dividing the county into two districts. Appellant was given control of the public roads and turnpikes of one of the districts, and Stokely of those of the other. At the April term, 1905, of the fiscal court Stokely resigned as supervisor. Whether his resignation was due to the discovery by the fiscal court that the election of more than one county supervisor of roads by the fiscal court was unauthorized by the statute, or some other cause, does not appear; but there was an effort made at the time of his resignation by some members of the fiscal court to elect a supervisor of roads. It is not clear from the order then entered whether it was proposed to elect another supervisor to take Stokely's place, or that of both appellant and Stokely. At any rate no election was held immediately following Stokely's resignation, probably because the county judge at the time advised the other members of the court that the election of another supervisor of roads would be improper, as appellant was still supervisor and had yet a year of the term for which he was supposed to have been elected to serve. On August 4, 1905, by a resolution adopted by a majority of the fiscal court and entered of record as an order, it was declared that a vacancy existed in the office of supervisor of roads for Montgomery county, and had so existed since April 5, 1905, but no election was then held by the fiscal court to fill such alleged vacancy. However, on Oct. 3. 1905, an election of a supervisor of roads to fill the alleged vacancy was held by that court which resulted in the election of G. P. Douglass by a vote of a majority of its members. The latter on October 17, 1905, gave bond and duly qualified as such supervisor. Notwithstanding the action of the fiscal court of August 4, 1905, by which the office of

supervisor of roads for the county was declared
vacant, and its action of October 3d in electing Doug-
lass to that office, appellant still claiming to be the
lawful incumbent of the office, assumed and continued
to act as supervisor until January 1, 1906, and from
April 5, 1905, to January, 1906, he caused work to
be done on certain roads and pikes of the county, and
performed other services appertaining to the office
of supervisor of roads, as if his right to so act had
never been questioned. On April 5, 1906, he pre-
sented to the fiscal court an account of $600, salary
for services alleged to have been rendered by him
as supervisor of roads between April 5, 1905, and
January 1, 1906. His claim and those of others for
work done on the county roads by his employment
were allowed by the fiscal court, though the allowance
of his claim was resisted by the county attorney, who
later prosecuted an appeal to the circuit court of
the county in the effort to defeat it, which appeal
appears to be yet undecided.

Do the undisputed facts referred to show appellant
guilty of the usurpation charged? The indictment
against appellant was found under section 1364, Ky.
St., 1903, which provides: ''If any person shall usurp
any office established by the Constitution or laws of
this Commonwealth, or shall knowingly hold and pre-
tend to exercise such office, after his election or
appointment thereto shall have been declared by a
court of competent jurisdiction illegal or void, or after
his term of office has constitutionally or legally
expired, he shall be guilty of a misdemeanor and fined
in a sum not less than $500.00, nor more than
$1,500.00.'' In construing the section, supra, this
court, in Palmer v. Commonwealth, 122 Ky. 693, 92
S. W. 588, 29 Ky. Law Rep. 219, said: ''An analysis

of section 1364 shows that it provides for three dis-- tinct offenses: First, the usurpation of an office; secondly, knowingly holding and pretending to exercise an office after the election or appointment of the incumbent has been declared illegal by a court of competent jurisdiction; and, third, holding over after the term of the incumbent has constitutionally or legally expired. * * * Webster defines the word 'usurp' as follows: 'To commit seizure of place, power, function, or the like, without right; to seize and hold it in possession by force or without right; as to usurp a throne, etc.' Bouvier in his Law Dictionary defines 'usurper' to be one who intrudes himself into an office which is vacant and ousts the incumbent without any color of title whatever. His acts are void in every respect. * * * To usurp an office, then, is to sieze it by force, actual or constructive, without any color of right or title. * * * Wayman v. Commonwealth, 14 Bush, 466.'' Obviously appellant is not an usurper. While his election to the office of supervisor of roads was not legal or valid (Fleming County Fiscal Court v. Howe, County Judge, etc., 121 Ky. 478, 89 S. W. 225, 28 Ky. Law Rep. 458), he did not seize or hold it by force, nor did he "intrude himself into it when vacant, or oust the incumbent without any color of title whatever." On the contrary, he was put into it by the act of the fiscal court under the mistaken belief on the part of the members of the court, and on his part as well, that his election to the office was legal. Therefore, in taking possession of the office he was not an intentional wrongdoer. Even when the fiscal court considered the question of electing a supervisor of roads immediately following the resignation of Stokely, it was not then claimed by any of its members that his election was void. On the contrary, the election of

a supervisor at that time was prevented by the advice of the county judge that appellant was still supervisor, and the election of another would not be legal. By this advice it was meant that appellant's election was then believed to be legal.

It is equally obvious that appellant does not fall within the third offense named in the statute, for it is not claimed that he was guilty of holding on to the office in question after the expiration of a term to which he had been legally or otherwise elected. If guilty of any offense at all within the meaning of the statute, it was the second defined therein, viz., that of knowingly holding and pretending to exercise the duties of an office after his election or appointment thereto had been declared illegal or void by a court of competent jurisdiction. In our opinion he was not guilty of the offense last named. While it is true he retained possession and exercised the duties of the office of supervisor of roads after the fiscal court declared the office vacant, and after the election of Douglass, there was never a judicial determination by a court of competent jurisdiction that his election to the office in question was illegal or void. The fiscal court was a tribunal possessing the jurisdiction to decide that question, but it did not do so. Its judgment on the subject went no further than to declare a vacancy, but this was without legal notice to appellant, as was the election of his successor. Consequently he had no day in court, or opportunity to show his right, if any he had, to continue in the office. It cannot, therefore, be claimed that the declaration of vacancy made by the fiscal court operated to oust appellant from the office. As de facto supervisor of roads he was entitled to notice of the action contemplated by the court. Such notice was necessary to give

it jurisdiction of his person, and, in the absence of such notice, the proceeding was not by due process of law, as far as he was concerned, for which reason he was not concluded thereby. The question is not affected by the fact that his election was void under the statute; for, according to the language and meaning of the statute, it was necessary for it to be declared void by a court of competent jurisdiction, after legal notice to appellant, to make him guilty of the second offense created by the statute.

The decision of this court in Fleming County Fiscal Court v. Howe, etc., 121 Ky. 478, 89 S. W. 225, 28 Ky. Law Rep. 458, to the effect that only one supervisor of roads can be elected for a county, was not rendered until November 17, 1905, more than a month after the election of Douglass to the office of supervisor of roads for Montgomery county, and but little more than a month before appellant surrendered the office. Appellant during the entire time of his exercise of the duties of the office of supervisor of roads was at least a defacto officer. In Mechem on Public Officers, section 321, it is said: "Contradistinguished from the officer de facto is the mere usurper or intruder, who is one who has intruded upon the office and assumes to exercise its functions without either the lawful title or the color of right to it. His acts, therefore, are entirely void. He may, however, as is stated in the last section, grow into an officer de facto, if his assumption of the office is acquiesced in." It is further said by the same author in section 322: "It is evident that two different persons cannot at the same time be in the actual occupation and exercise of an office for which one incumbent only is provided by law. There cannot, therefore, be an officer de jure and another officer de facto in possession of the same

office at the same time. Hence, if the officer de jure is in, there is no room for an officer de facto; and, if the officer de facto is in, the officer de jure cannot be in also.'' Notwithstanding its declaration of a vacancy in the office, and the election of Douglass, the fiscal court, as abundantly shown by the testimony of the Commonwealth, thereafter recognized appellant as a de facto officer. As late as September, 1905, it received his report of work on the roads of the county as supervisor, and on April 5, 1906, allowed his claim for salary as such officer for the last year of his incumbency of the office. However,, we do not mean to say whether his claim should or should not have been allowed; that being a question to be decided on the appeal by the circuit court.

In view of the admitted facts shown by the record, appellant's conviction was unauthorized, and the court should have peremptorily instructed the jury to acquit him.

Wherefore the judgment is reversed for a new trial, and for further proceedings consistent with the opinion.

.CHIEF JUSTICE O'REAR and JUDGE LASSING dissent.